IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICHOLE ALEXANDRA
INTRIAGO-SEDGWICK

      Petitioner,

v.                                                                             No. 1:25-cv-01065-MIS-LF

KRISTI NOEM, in her official capacity
as Secretary of the Department of
Homeland Security; PAMELA BONDI,
in her official capacity as Attorney General
of the United States; WARDEN DORA
CASTRO, in her official capacity as
Warden of the Otero County Processing
Center; MARY DE ANDA-YBARRA, in
her official capacity as Field Office
Director of the El Paso Field Office of U.S.
Immigration and Customs Enforcement,
Enforcement and Removal Operations; and
TODD LYONS, in his official capacity as
Acting Director and Senior Official
Performing the Duties of the Director of
U.S. Immigration and Customs
Enforcement,

      Respondents.

## **ORDER FOR SERVICE AND TO SHOW CAUSE**

THIS MATTER is before the Court sua sponte.  On October 28, 2025, United States

District Judge Margaret Strickland ordered "that Petitioner effectuate service on Respondents,

including serving copies of this Order and the Petition on Respondents, and file a certificate of

service on the record."[1]  Doc. 2 at 1.  Petitioner filed a certificate of service on October 31, 2025.

Doc. 4.  The certificate appears defective in several respects.

---

[1] After ordering service, Judge Strickland referred this case to me pursuant to 28 U.S.C. §§
636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir.

Federal Rule of Civil Procedure 4(i) specifies the requirements for serving the United States and its agencies, corporations, officers, or employees. To serve the United States by mail, a plaintiff must "send a copy of [the summons and of the complaint] by *registered or certified* mail to the *civil-process clerk* at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A)(ii) (emphasis added). The plaintiff must also "send a copy" of the complaint and summons "by *registered* or *certified* mail to the Attorney General of the United States at Washington, D.C." and, "if the action challenges an order of a nonparty agency or officer of the United States," the plaintiff must "send a copy of each by *registered* or *certified* mail to the agency or officer." *Id.* 4(i)(1)(B)–(C) (emphasis added).

Petitioner states that the verified petition was mailed to Respondents but does not specify whether summonses were also mailed. *See* Doc. 4. Nor does the docket reflect that summonses were issued by the clerk's office. *See* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."); D.N.M.LR-Civ. 4.1 ("A party must prepare the summons on a form available from the Clerk.").

Further, Petitioner states that the petition was mailed "via USPS with signature on delivery requirements," but does not state that the petition and summonses were mailed by registered or certified mail as required by Rule 4(i). Doc. 4 at 2. The certificate of service also does not state whether the Court's Order to Show Cause (Doc. 2) also was served on Respondents as required by that order. *See* Doc. 2 at 1 (ordering Petitioner to effectuate service on Respondents, "including serving copies of *this Order*") (emphasis added).

---

1990) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 3 at 1.

Additionally, it appears that respondent Dora Castro is not an agent or officer of the United States and is subject to service under Rule 4(e).  *See* Fed. R. Civ. P. 4(e) (providing that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by following the requirements of Fed. R. Civ. P 4(e)(2)); *see also* NMRA, Rule 1-004.

IT IS ORDERED THAT within seven days for the date of this order, Petitioner's counsel is to effectuate service of (1) summonses issued by the clerk's office, (2) a copy of the verified petition for a writ of habeas corpus, and (3) a copy of this Order on Respondents in accordance with law.

IT IS FURTHER ORDERED that the CLERK OF THE COURT is DIRECTED to forward copies of this Order and the Petition for Writ of Habeas Corpus (Doc. 1) to Respondent Warden Castro at the Otero County Processing Center and to all other Respondents in care of the U.S. Attorney for the District of New Mexico.

Respondents are ordered to respond to the petition and show cause why it should not be granted within three days of receipt of service.  *See* 28 U.S.C. § 2243.  Petitioner's reply, if any, is due three days after the response is filed.

Laura Fashing
United States Magistrate Judge